## NOLDS ET AL v. HENDRIE & BOLTHOFF MANUFACTURING COMPANY.

CORPORATIONS—*Foreign—Annual Report—Liability of Directors*—A corporation organized under the laws of another state and doing business in Colorado is under duty to file the annual report required by Rev. Stat. sec. 911 even though it has failed to file any copies of its charter, or any certificate of its principal place of business and the name of an agent upon whom process may be served, as required by sections 916, 917.

The limitation of one year prescribed in section 911, begins with the expiration of the period of sixty days next succeeding the first day of January, allowed for presenting the report.

The directors are liable for all debts contracted by the corporation during the year next preceding that date.

Whether the secretary of state may refuse to receive the annual report of a foreign corporation which has assumed to do business here without compliance with Rev. Stat. § 916, 917, *Quaere.*

*Error to Denver County Court.*—Hon. GEORGE W. DUNN, Judge.

Mr. F. A. WILLIAMS, Mr. D. R. PATTERSON, for plaintiffs in error.

Messrs. MORRIS & GRANT, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

A mining company created as a corporation under the laws of Arizona, in January, 1909, came into this state and commenced doing business here in March or April of the same year. The company never complied with section 916, Rev. Stat. 1908, requiring foreign corporations, doing business in this state, to file in the office of the secretary of state a copy of their charter or certificate of incorporation, nor with sec. 917, requiring such corporations to file in the office of the secretary of state

and of the recorder of deeds of the county in which their business was carried on a certificate designating its principal place of business in this state, and an agent upon whom service may be made; and no annual report of the company was ever filed under sec. 911.

The plaintiffs in error were directors of the company. In June and July, 1909, the defendant in error sold and charged to the company a bill of merchandise. This was not paid for, and on January 11, 1911, a suit was begun before a justice of the peace against the plaintiffs in error to recover the debt due on account of the merchandise sold. It is provided in sec. 919 that a failure to comply with the provisions of secs. 916 and 917 "shall render each and every officer, agent and stockholder of any such corporation, so failing herein, jointly and severally personally liable on any and all contracts of such company made within this state during the time that such corporation is so in default." Sec. 911 provides that every domestic and foreign corporation shall file an annual report within sixty days next after the first day of January in each year, and that if any corporation shall fail, refuse or omit to file such report, and to pay the fees prescribed therefor, within the time prescribed, "all the officers and directors of said corporation shall be jointly and severally and individually liable for all debts of such corporation * * * that shall be contracted during the year next preceding the time when such report should by this section have been made and filed and until such report shall be made and filed."

On appeal to the county court, the plaintiffs in error, at the proper time and in the proper manner, pleaded the one year statute of limitations in sec. 4068, which provides that all actions for any penalty or forfeiture of any penal statute "shall be commenced within one year next after the offense is committed and not after that

time.'' This plea was overruled and judgment was rendered against the plaintiffs in error. They contend that the failure to file the charter or certificate of. incorporation of the foreign mining company was the offense committed; that the company commenced to do business. in this state in March or April, 1909; that the goods were purchased in June and July, 1909; that the suit was commenced in January, 1911, a period of more than one year after the company commenced to do business in this state, and more than one year after the goods were purchased, and all of which is undisputed. Wherefore, they say the court committed error in overruling their plea of the statute of limitations. The defendant in error contends that even if the statute of limitations against an action for the penalty prescribed in sec. 919 had run when the suit was commenced before the justice of the peace, nevertheless the plaintiffs in error were liable for the penalty prescribed in sec. 911. The evidence is uncontradicted, that the mining company failed to file an annual report within sixty days after the first day of January, 1910. If it was its duty to file an annual report within that time it was in default on March 2, 1910, and the plaintiffs in error, who were directors of the defaulting company, became jointly and severally and individually liable for all debts of the company that had been contracted during the year next preceding the time when such report should have been made and filed. This was another and different penalty from the one prescribed in sec. 919, and for an entirely different offense. The goods had been purchased, and a debt had been thereby contracted during the year next preceding the time when the annual report of 1910 should have been made and filed. The one year's statute of limitation against an action for the recovery of the penalty prescribed in sec. 911 for failure to file the annual report began to run on March 2, 1910, and the action was commenced in January, 1911, which

was less than one year after the offense had been committed.

The brief of the plaintiffs in error is devoted almost entirely to the question of the bar of the statute of limitations on the penalty prescribed by sec. 919. All that is said in their brief concerning the penalty prescribed by sec. 911 is this:

"By what statute, rule or principle can a foreign corporation be required to file annual reports in this state, when it has not invoked or submitted to the jurisdiction, has not filed its articles of incorporation, appointed a resident agent, or paid the fees necessary to acquire legal status here?"

Their position, therefore, seems to be that a foreign corporation that has not complied with the requirements of secs. 916 and 917, though it is doing business in this state, is free from the provisions of sec. 911 requiring an annual report. This cannot be the law. The section does not say that foreign corporations that have complied with the requirements of our law as laid down in secs. 916 and 917 must file an annual report, but all foreign corporations. The contention of the plaintiffs in error would lead to this: A foreign corporation that met the requirements of our laws before it began doing business here would have to file the annual report as would also domestic corporations; but a foreign corporation that comes into this state in violation of our law and does business here is freed from the necessity of making an annual report. That would be a reward for the violation of law and a punishment for its obedience. Surely a foreign corporation that does business in our state cannot be heard to say that it is freed from the duties required by one statute, because it has violated those required by another. The mining company in question was doing business here in the year 1909 and upon no principle of law can it or

its officers or directors be heard to say that because they violated one law of this state they were freed from the obligations imposed by another. To so free them would be to say that domestic corporations and foreign corporations that have complied with our laws are visited with burdens from which outlaw corporations are freed by their very outlawry. We do not intend to intimate that the secretary of state would have to receive or file an annual report of a foreign corporation that is doing business here in violation of the laws of the state, nor that the tender of such a report with the proper fee would relieve the officers and directors of the liability imposed by sec. 911. It may be that the secretary of state would be justified in refusing to file such a report, and that his refusal might be such an omission to file as would make the officers and directors liable for the penalty. The position of an outlaw is never an easy one.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Gabbert and Mr. Justice Hill concur.